IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:10CV150-1-MU

| | | |
|---|---|---|
| ROBERT DYLAN CROWE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| STATE OF NORTH CAROLINA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** comes before the Court for an initial review of Petitioner's Petition Under 28 U.S.C. § 2254 (Doc. No. 1), filed July 21, 2010.

Pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings, district courts are directed to promptly examine federal habeas petitions and any attached exhibits in order to determine whether a petitioner is entitled to any relief on the claims set forth therein. In the event it is determined that a petitioner is not entitled to relief, the reviewing Court must dismiss the motion. Following such directive, this Court has reviewed Petitioner's federal habeas petition and the pertinent record evidence. As hereafter explained, such review clearly establishes that Petitioner has not exhausted his state court remedies.

A prisoner is required to exhaust the remedies available to him in the state courts before he files a writ of habeas corpus in the federal courts. 28 U.S.C. § 2254(b)(1)(A). The United States Supreme Court has held that § 2254's exhaustion requirement requires "state prisoners to give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel,

526 U.S. 838 (1999). This "one full opportunity" includes filing petitions for discretionary review when that review is part of the ordinary appellate procedure in the State. Id.

In North Carolina, a petitioner may satisfy § 2254's exhaustion requirement by directly appealing his conviction to the North Carolina Court of Appeals and then petitioning the North Carolina Supreme Court for discretionary review or by filing a state post-conviction proceeding and petitioning the North Carolina Court of Appeals for a writ of certiorari.

Petitioner indicates in his federal habeas petition that he has neither directly appealed nor filed any state post-conviction proceedings attacking his sentence and conviction. Petitioner therefore has not fully exhaust his state court remedies and his federal habeas petition must be dismissed.

**THEREFORE, IT IS HEREBY ORDERED** that:

1. Petitioner's Petition for a Writ of Habeas Corpus is **DISMISSED without prejudice** for failure to exhaust his state court remedies; and

2. It is further ordered that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner

must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong)(citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

Signed: July 22, 2010

Graham C. Mullen
United States District Judge